**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 1:26-cv-01116-RC |
| | : | |
| v. | : | Re Document No.:    23 |
| | : | |
| DOUG BURGUM, Secretary of the Interior, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**GRANTING AMERICAN PETROLEUM INSTITUTE'S MOTION TO INTERVENE**

**I.  INTRODUCTION**

Plaintiff Natural Resources Defense Council, Inc. ("NRDC") challenges decisions by various federal officers overriding protections for endangered species in the Gulf of Mexico (also known as the Gulf of America).  Specifically, it challenges (1) Secretary of Defense Pete Hegseth's finding on March 13, 2026, that overriding statutory protections for endangered species in the Gulf was necessary for national-security reasons and (2) the Endangered Species Committee's ("Committee") decision to grant an exemption under Section 7(j) of the Endangered Species Act ("ESA") for certain oil and gas activities in the Gulf.  *See* First Am. Compl. for Vacatur & Declaratory Relief ("Am. Compl.") ¶¶ 1–3, 83, ECF No. 22.  NRDC claims that Secretary Hegseth's formal determination that the exemption was necessary is unsupported and exceeds his statutory authority, violating the Administrative Procedure Act ("APA").  *Id.* ¶¶ 1, 5.  It asks this Court to declare that Secretary Hegseth's determination is arbitrary and capricious, not in accordance with law, and in excess of statutory authority; declare

that Committee members' implementation of Secretary Hegseth's determination is arbitrary and capricious, not in accordance with law, and in excess of statutory authority; hold the exemption unlawful and vacate it; and grant other relief deemed just and proper. *Id.* at 42.

The American Petroleum Institute ("API") now moves to intervene as a defendant. API's Mot. to Intervene as Def. ("Mot. to Intervene") at 1, ECF No. 23. Neither NRDC nor the Defendants have opposed API's motion. *Id.* at 2. As discussed below, the Court grants API's motion to intervene as a matter of right.

## II.  FACTUAL BACKGROUND

### A.  Regulatory Context and Background

Section 7 of the ESA generally requires federal agencies to ensure that their actions are "not likely to jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of habitat of such species which is determined by the Secretary [of the Interior or Commerce] . . . to be critical" absent an "exemption." 16 U.S.C. § 1536(a)(2). The Committee may grant such exemptions. *See id.* § 1536(e)(2), (h). Often, the power to grant these exemptions is conditioned on the Committee making certain determinations—such as whether "there are no reasonable and prudent alternatives to the agency action." *Id.* § 1536(h)(1)(A)(i). But the ESA also provides that "[n]otwithstanding any other provision of this chapter, the Committee shall grant an exemption for any agency action if the Secretary of Defense finds that such exemption is necessary for reasons of national security." *Id.* § 1536(j).

On March 13, 2026, Secretary Hegseth wrote a letter to Secretary of the Interior Doug Burgum explaining that he "found it necessary for reasons of national security to exempt Gulf oil and gas activities from ESA's requirements" and requested that the Committee "grant an

exemption." Mot. to Intervene, Decl. of Holly A. Hopkins ("Hopkins Decl."), Ex. A at 1, ECF No. 23-2. In his findings, attached to the letter, Secretary Hegseth explained that, among other things, "[t]he termination or diminution of Gulf of America oil and gas production would directly benefit adversaries by driving up spot prices and boosting oil revenues for exporters like Russia and Iran," which in turn "could undermine U.S. sanctions and support our adversaries' struggling economies." *Id.* Ex. B ¶ 57. On March 31, 2026, the Committee granted Secretary Hegseth's requested exemption. Am. Compl. ¶ 4. NRDC now challenges that decision, alongside Secretary Hegseth's finding. *See id.* ¶ 1.

**B. API**

API is a national trade association that represents roughly 600 companies involved in the oil and gas industry. Hopkins Decl. ¶ 3. Its "overall purpose includes representation of the interests of the oil and gas industry in litigation." *Id.* API's "members currently operate many of the offshore wells in the Gulf," have "been among the principal developers of offshore leases in the Gulf," and more. *Id.* ¶ 5. Moreover, according to API, "[t]he Exemption Decision governs and authorizes the scope, conditions, and legality of offshore oil and gas operations in the Gulf conducted by API's members." *Id.* ¶ 14.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 24(a) governs intervention as a matter of right. As relevant here, a party may intervene by right if it "claims an interest relating to the property or transaction that is the subject of the action," and if it "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). To intervene as a matter of right, a party must (1) submit a timely application to intervene, (2) demonstrate a

legally protected interest in the action, (3) demonstrate that the action threatens to impair said interest, and (4) prove that no party to the action can adequately represent the interests of the applicant. *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008).

## IV.  ANALYSIS

The Court concludes that API may intervene as of right under Federal Rule of Civil Procedure 24(a)(2).  Each of the four relevant factors supports this conclusion.

### A. Timeliness of the Motion

To determine whether a motion to intervene is timely, courts should account for "(a) the time elapsed since the inception of the action, (b) the probability of prejudice to those already party to the proceedings, (c) the purpose for which intervention is sought, and (d) the need for intervention as a means for preserving the putative intervenor's rights." *WildEarth Guardians v. Salazar*, 272 F.R.D. 4, 12 (D.D.C. 2010).  Courts routinely find that a motion to intervene is timely if it is submitted before the parties have filed their answers and before the court issues any rulings on dispositive motions.  *See, e.g.*, *Brady Campaign to Prevent Gun Violence v. Salazar*, No. CV 08-2243 (CKK), 2009 WL 10695780, at *3 (D.D.C. Apr. 8, 2009) (concluding that "there is no question that the Motions to Intervene were timely submitted" because they were "filed within several months of Plaintiffs' initiation of this litigation and prior to Defendants' submission of their Answers"); *Sierra Club v. U.S. Dep't of Agric., Rural Utils. Serv.*, No. CV 07-1860 (EGS), 2008 WL 11408418, at *1 (D.D.C. May 9, 2008) (finding that motion to intervene "was timely because it was filed before an answer was filed in this case and before the Court had ruled on any dispositive motions").

Here, API's motion to intervene is timely because, as in *Brady Campaign* and *Sierra Club*, API moved to intervene shortly after the operative complaint was filed and before the

resolution of any major motions.  API moved to intervene on June 1, 2026, approximately sixty days after the complaint was filed on April 1, 2026, and six days after NRDC amended its complaint on May 26, 2026.  API also consulted with the parties pursuant to Local Civil Rule 7(m) before filing its motion, giving them further notice.  Mot. to Intervene at 2.  At the time API filed its motion, neither party had filed any dispositive motions, and Defendants' motion to dismiss will not be fully briefed under the current schedule until August 4, 2026—two months after API moved to intervene.  *See* Min. Order (June 18, 2026).  Further, no party has indicated that intervention would prejudice it.  *See* Mot. to Intervene at 2.  Without any indication of potential prejudice, the Court concludes that API's motion to intervene is timely.  *See Roane v. Leonhart*, 741 F.3d 147, 152 (D.C. Cir. 2014) (reversing district court's finding that intervention was untimely because, notwithstanding undue delay in moving to intervene, "the most important consideration" was "the fact that granting [ ] intervention was highly unlikely to disadvantage the existing parties").

### B. Protected Interest in the Action

A prospective intervenor must show they "have a 'legally protected' interest in the action." *WildEarth Guardians v. Salazar*, 272 F.R.D. 4, 12 (D.D.C. 2010) (quoting *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008)).  API's members are heavily involved in oil and gas development and exploration in the Gulf.  *See* Hopkins Decl. ¶ 5.  As this Court has explained before, API has a legally protected interest because its members would be affected by a regulatory change to their ability to develop oil and gas resources.  *See Friends of Earth v. Haaland*, No. CV 21-2317 (RC), 2021 WL 5865386, at *2 (D.D.C. Dec. 11, 2021) (granting API's motion to intervene in a case concerning a challenge to certain oil and gas leases in the Gulf of Mexico).

### C. How the Action Might Threaten to Impair Said Interest

A prospective intervenor must also demonstrate that the action threatens to impair their interest. *Karsner*, 532 F.3d at 885. NRDC asks this Court to provide declaratory relief in the action and to vacate the exemption. Am. Compl. at 42. That relief would directly affect API's interests, as the legal framework for their operations in the Gulf would substantially change. When an agency's decision was favorable to the proposed defendant-intervenor and the present challenge would be a "direct attack on that decision," courts in this District have found that the action threatens the intervenor's protected interests. *WildEarth Guardians*, 272 F.R.D. at 14–15. After all, as API explains, "[t]he Exemption Decision governs and authorizes the scope, conditions, and legality of offshore oil and gas operations in the Gulf conducted by API's members." Hopkins Decl. ¶ 14. The action therefore threatens to impair API's protected interest.

### D. Adequacy of Representation

The final factor is whether any of the existing parties represents the interests of the prospective intervenor. *Karsner*, 532 F.3d at 885. This factor is "not onerous," and parties are generally allowed to intervene unless the adequacy of the representation is "clear." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003) (internal quotation omitted). "[G]overnmental entities do not adequately represent the interests of aspiring intervenors" due to the government's duty to represent the interests of its citizens, as opposed to the interests of the particular private party. *Id.* at 736–37; *see also id.* at 736 n.9 (collecting cases). Accordingly, the Defendants do not adequately represent API's interests in this matter.

6

## V.  CONCLUSION

For the foregoing reasons, the American Petroleum Institute's motion to intervene as a matter of right is hereby **GRANTED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  July 14, 2026                                RUDOLPH CONTRERAS
                                                      United States District Judge