IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATURAL RESOURCES DEFENSE
COUNCIL, INC.,

        Plaintiff,

    v.

DOUGLAS BURGUM, Secretary of the
Interior, et al.,

        Defendants.

Civil Action No. 1:26-cv-01116-RC

**AMERICAN PETROLEUM INSTITUTE'S [PROPOSED] ANSWER TO FIRST
AMENDED COMPLAINT FOR VACATUR AND DECLARATORY RELIEF**

Intervenor-Defendant American Petroleum Institute ("API") answers Plaintiff's First

Amended Complaint for Vacatur and Declaratory Relief as follows in paragraphs numbered to

correspond to the paragraph numbers in the First Amended Complaint.

1.      The allegations in this paragraph state Plaintiff's characterizations of its legal

claims and executive actions, which require no response as Plaintiff's legal claims and the

applicable executive actions speak for themselves. To the extent Plaintiff's allegations are

inconsistent with its legal claims and the applicable executive actions, API denies them.

2.      API admits that various marine species live in the Gulf of America ("Gulf").

Except as admitted, the remaining allegations in this paragraph are overly broad, vague, and

ambiguous, and are therefore denied.

3.      The allegations in this paragraph state Plaintiff's characterizations of executive

actions, which require no response as the applicable executive actions speak for themselves. To

the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API

denies them.

4.     The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

5.     Denied.

6.     API is without sufficient information to form a belief as to the allegations contained in the first sentence of this paragraph and therefore denies the same. The allegations in the second sentence of this paragraph state Plaintiff's requested relief and therefore do not require a response.

<strong>JURISDICTION AND VENUE</strong>

7.     In response to this paragraph, API states that the Court's jurisdiction is a matter of law which does not require a response, and further states that the cited federal laws speak for themselves.

8.     The first and second sentences of this paragraph state Plaintiff's characterizations of executive actions and the law, which require no response as the applicable executive actions and the law speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions and the law, API denies them. In response to the third sentence of this paragraph, API states that the Court's authority to grant relief is a matter of law which does not require a response, and further states that the cited federal laws speak for themselves.

9.     In response to this paragraph, API states that the Court's authority to grant relief is a matter of law which does not require a response, and further states that the cited federal laws speak for themselves.

10. In response to this paragraph, API states that the Court's authority to grant relief is a matter of law which does not require a response, and further states that the cited federal laws speak for themselves.

11. Denied. Venue for this action is exclusively vested in the Court of Appeals for the Fifth or Eleventh Circuits. 16 U.S.C. § 1536(n).

## PARTIES

### *The Plaintiff*

12. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding Plaintiff Natural Resource Defense Council and therefore denies the same.

13. API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

14. API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

15. API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

16. API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

### *The Defendants*

17. API admits that Doug Burgum is the Secretary of the Department of the Interior and is the chairman of the Endangered Species Committee. To the extent this paragraph purports to characterize the Secretary's legal responsibilities and actions, the relevant laws, regulations

and actions speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

18.     API admits that Brooke Rollins is the Secretary of the U.S. Department of Agriculture and a member of the Endangered Species Committee. To the extent this paragraph purports to characterize the Secretary's legal responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

19.     API admits that Daniel Driscoll is the Secretary of the Department of the Army and a member of the Endangered Species Committee. To the extent this paragraph purports to characterize the Secretary's legal responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

20.     API admits that Pierre Yared is Acting Chair of the Council of Economic Advisers and a member of the Endangered Species Committee. To the extent this paragraph purports to characterize the Acting Chair's legal responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

21.     API admits that Lee Zeldin is Administrator of the U.S. Environmental Protection Agency and a member of the Endangered Species Committee. To the extent this paragraph purports to characterize the Administrator's legal responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

22.     API admits that Neil Jacobs is Administrator of the National Oceanic and Atmospheric Administration and a member of the Endangered Species Committee. To the extent

this paragraph purports to characterize the Administrator's legal responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

23.     In response to the allegations in the first sentence of this paragraph, API admits that Pete Hegseth is Secretary of the U.S. Department of Defense. To the extent the first sentence purports to characterize the Secretary's legal responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required. The allegations in the second sentence of this paragraph state Plaintiff's characterization of the law, which requires no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

## LEGAL BACKGROUND

*The Administrative Procedure Act (APA)*

24.     The allegations in this paragraph state Plaintiff's characterization of the law, which requires no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

25.     The allegations in this paragraph state Plaintiff's characterization of the law, which requires no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

*The National Environmental Policy Act*

26.     The allegations in this paragraph state Plaintiff's characterizations of the law and caselaw, which require no response as the applicable law and caselaw speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and caselaw, API denies them.

27. The allegations in this paragraph state Plaintiff's characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

*The Endangered Species Act (ESA) and Section 7 Consultation*

28. The allegations in this paragraph state Plaintiff's characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

29. The allegations in this paragraph state Plaintiff's characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and federal regulations, API denies them.

30. The allegations in this paragraph state Plaintiff's characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

31. The allegations in this paragraph state Plaintiff's characterizations of the law and caselaw, which require no response as the applicable law and caselaw speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and caselaw, API denies them.

32. The allegations in this paragraph state Plaintiff's characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and federal regulations, API denies them.

33.     The allegations in this paragraph state Plaintiff's characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

34.     The allegations in this paragraph state Plaintiff's characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and federal regulations, API denies them.

35.     The allegations in this paragraph state Plaintiff's characterizations of the law and caselaw, which require no response as the applicable law and caselaw speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and caselaw, API denies them.

*The "God Squad"*

36.     The allegations in this paragraph state Plaintiff's characterizations of the law and legislative history, which require no response as the applicable law and legislative history speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and legislative history, API denies them.

37.     The allegations in this paragraph state Plaintiff's characterizations of legislative history, caselaw, and the Department of the Interior's ("Interior") website, which require no response as the applicable legislative history, caselaw, and Interior's website speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable legislative history, caselaw, and Interior's website, API denies them.

38.     The allegations in this paragraph state Plaintiff's characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

39.     The allegations in this paragraph state Plaintiff's characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

40.     The allegations in this paragraph state Plaintiff's characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

41.     The allegations in this paragraph state Plaintiff's characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and federal regulations, API denies them.

42.     The allegations in this paragraph state Plaintiff's characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

43.     The allegations in this paragraph state Plaintiff's characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

44.     The allegations in this paragraph state Plaintiff's characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

45. The allegations in this paragraph state Plaintiff's characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

46. The allegations in this paragraph state Plaintiff's characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

47. The allegations in this paragraph state Plaintiff's characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

48. The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

49. The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

50. The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

51. The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To

the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

52.    The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

## FACTUAL AND PROCEDURAL BACKGROUND

### *The Rich Ecosystem of the Gulf*

53.    In response to the allegations in this paragraph, API admits that the waters of the Gulf contain various marine species. The remaining allegations in this paragraph are vague and ambiguous, and are therefore denied.

54.    In response to the allegations in this paragraph, API admits that the Rice's whale is a federally listed endangered species and that there was an accident on the *Deepwater Horizon* that resulted in an oil spill. The remaining allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

55.    In response to the allegations in this paragraph, API admits that sperm whales are federally listed as an endangered species and that there was an accident on the *Deepwater Horizon* that resulted in an oil spill. The remaining allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

56.    In response to the allegations in this paragraph, API admits that the waters of the Gulf contain various marine species. The remaining allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

57.    The allegations in this paragraph state Plaintiff's characterizations of a federal agency document, which require no response as the applicable agency document speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable agency document, API denies them.

58.    In response to the allegations in the first sentence of this paragraph, API admits that the Black-capped Petrel is a federally listed endangered species. The allegations in the second, third, and fourth sentences of this paragraph state Plaintiff's characterization of a federal agency document, which requires no response as the applicable agency document speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable agency document, API denies them. The remaining allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

*Environmental Harms from Oil and Gas Development*

59.    API admits that oil and gas activities are carried out in the Gulf and that there are active oil and gas leases across the Gulf. The remaining allegations in this paragraph are overly broad, vague, ambiguous, and are therefore denied.

60.    The allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

61.    API admits that there was an accident on *Deepwater Horizon* that resulted in the loss of life, and the release of oil into the Gulf. The remaining allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

62.    API admits that there was an accident on *Deepwater Horizon* that released oil into the Gulf. The remaining allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

63.     The allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

64.     The allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

65.     The allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

*The Services Have Imposed Modest ESA Restrictions on Oil and Gas Activity in the Gulf*

66.     The allegations in this paragraph state Plaintiff's characterization of federal agency actions, which requires no response as the applicable agency actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable agency actions, API denies them.

67.     The allegations in this paragraph state Plaintiff's characterizations of federal agency actions and agency documents, which require no response as the applicable agency actions and agency documents speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable agency actions and agency documents, API denies them.

68.     The allegations in this paragraph state Plaintiff's characterization of federal agency actions and agency documents, which requires no response as the applicable agency actions and agency documents speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable agency actions and agency documents, API denies them.

69.     The allegations in this paragraph state Plaintiff's characterizations of federal agency documents, which require no response as the applicable agency documents speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable agency documents, API denies them.

70.     The allegations in this paragraph state Plaintiff's characterizations of federal agency documents, which require no response as the applicable agency documents speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable agency documents, API denies them.

71.     The allegations in this paragraph state Plaintiff's characterizations of federal agency documents, which require no response as the applicable agency documents speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable agency documents, API denies them.

72.     The allegations in this paragraph state Plaintiff's characterizations of federal agency documents, which require no response as the applicable agency documents speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable agency documents, API denies them.

73.     The allegations in this paragraph state Plaintiff's characterizations of a separate lawsuit, which require no response as the applicable lawsuit speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable lawsuit, API denies them.

74.     The allegations in this paragraph state Plaintiff's characterizations of a separate lawsuit, which require no response as the applicable lawsuit speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable lawsuit, API denies them.

*BOEM Prepared a Programmatic Environmental Impact Statement*

75.     The allegations in this paragraph state Plaintiff's characterization of federal agency actions and federal agency document, which requires no response as the applicable federal agency action and agency document speak for themselves. To the extent Plaintiff's

allegations are inconsistent with the applicable federal agency action and agency document, API denies them.

76.    The allegations in this paragraph state Plaintiff's characterization of a federal agency document, which requires no response as the applicable agency document speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable agency document, API denies them.

77.    The allegations in this paragraph state Plaintiff's characterization of a federal agency document, which requires no response as the applicable agency document speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable agency document, API denies them.

78.    The allegations in this paragraph state Plaintiff's characterization of a federal agency document, which requires no response as the applicable agency document speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable agency document, API denies them.

*The United States' Oil and Gas Production Outpaces Consumption*

79.    The allegations in this paragraph state Plaintiff's characterization of federal agency documents, which requires no response as the applicable federal agency documents speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable agency document, API denies them.

80.    The allegations in this paragraph state Plaintiff's characterizations of a news article, which require no response as the applicable news article speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable news article, API denies them.

81. The allegations in this paragraph state Plaintiff's characterizations of a federal agency website and blog post, which require no response as the applicable website and blog post speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable website and blog post, API denies them.

82. The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

83. The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

84. The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

85. The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

86. The allegations in this paragraph state Plaintiff's characterizations of a federal agency press release, which requires no response as the applicable press release speaks for itself.

To the extent Plaintiff's allegations are inconsistent with the applicable press release, API denies them.

87.     The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

*The Department of Defense Infrastructure to Ensure Fuel Supply*

88.     API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

89.     API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

90.     API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

91.     API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

92.     API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

93.     API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

94.     API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

95.     API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

96.     API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

97.     API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

98.     API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

99.     API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

100.    API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

101.    API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

102.    API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

103.    API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

104.    API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

105.    The allegations in this paragraph state Plaintiff's characterization of executive actions, which requires no response as the applicable executive action speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable executive action, API denies them.

106.    The allegations in this paragraph state Plaintiff's characterization of executive actions, which requires no response as the applicable executive action speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable executive action, API denies them.

107.    The allegations in this paragraph state Plaintiff's characterizations of federal agency actions and executive actions, which require no response as the applicable agency actions and executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable agency actions and executive actions, API denies them.

108.    The allegations in this paragraph state Plaintiff's characterizations of federal agency actions and executive actions, which require no response as the applicable agency actions and executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable agency actions and executive actions, API denies them.

109.    The allegations in this paragraph state Plaintiff's characterizations of federal agency actions and executive actions, which require no response as the applicable agency actions and executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable agency actions and executive actions, API denies them.

110.    API is without sufficient information to form a belief as to the allegations contained in the first sentence of this paragraph and therefore denies the same. The allegations in the second sentence of this paragraph state Plaintiff's characterizations of a news article, which require no response as the applicable news article speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable news article, API denies them.

111.    The allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

112.    The allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

*The March 31, 2026, Exemption*

113.    The allegations in this paragraph states Plaintiff's characterizations of executive actions and other independent lawsuits, which require no response as the applicable executive actions and lawsuits speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions and lawsuits, API denies them.

114.    The allegations in this paragraph states Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

115.    The allegations in this paragraph states Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

116.    The allegations in this paragraph state Plaintiff's characterizations of federal agency actions, executive actions, and law, which require no response as the applicable federal agency actions, executive actions, and law speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable federal agency actions, executive actions, and law, API denies them.

117.    The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To

the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

118. API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

119. API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

120. The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

121. The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

122. The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

123. The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

124.   The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

125.   The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

126.   The allegations in this paragraph state Plaintiff's characterizations of federal agency actions, which require no response as the applicable agency actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable agency actions, API denies them.

127.   The allegations in this paragraph state Plaintiff's characterizations of a federal agency document, which require no response as the applicable agency document speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable agency document, API denies them.

128.   The allegations in this paragraph state Plaintiff's characterizations of a federal agency document, which require no response as the applicable agency document speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable agency document, API denies them.

129.   The allegations in this paragraph state Plaintiff's characterizations of a federal agency document, which require no response as the applicable agency document speaks for

itself. To the extent Plaintiff's allegations are inconsistent with the applicable agency document, API denies them.

130. The allegations in this paragraph state Plaintiff's characterizations of a federal agency document, which require no response as the applicable agency document speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable agency document, API denies them.

131. API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

132. The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

133. The allegations in this paragraph state Plaintiff's characterizations of federal agency actions, which require no response as the applicable agency actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable agency actions, API denies them.

*The Exemption is Generally Applicable and Prospective*

134. The allegations in this paragraph state Plaintiff's characterizations of executive actions and documents, which require no response as the applicable executive actions and documents speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions and documents, API denies them.

135. The allegations in this paragraph state Plaintiff's characterizations of federal agency documents, which require no response as the applicable agency documents speak for

themselves. To the extent Plaintiff's allegations are inconsistent with the applicable agency documents, API denies them.

136. The allegations in this paragraph state Plaintiff's characterizations of federal agency documents, which require no response as the applicable agency documents speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable agency documents, API denies them.

137. The allegations in this paragraph state Plaintiff's characterizations of federal agency documents, which require no response as the applicable agency documents speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable agency documents, API denies them.

138. The allegations in this paragraph state Plaintiff's characterizations of federal agency documents, which require no response as the applicable agency documents speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable agency documents, API denies them.

139. The allegations in this paragraph state Plaintiff's characterizations of executive actions, executive documents, and federal agency documents, which require no response as the applicable executive actions, executive documents, and agency documents speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, executive documents, and agency documents, API denies them.

**CLAIM FOR RELIEF**

**COUNT ONE**

**Violation of the APA:**

**Arbitrary, Capricious, and Unlawful Agency Actions (5 U.S.C. § 706(2)(A), (C), (D))**

*(Defendant Hegseth)*

140.    API admits and denies the allegations of this paragraph as stated above.

141.    The allegations in this paragraph state Plaintiff's characterizations of the law and caselaw, which require no response as the applicable law and caselaw speak for themselves. To the extent Plaintiff's' allegations are inconsistent with the applicable law and caselaw, API denies them.

142.    Denied.

143.    The allegations in this paragraph state Plaintiff's legal conclusion, which requires no response.

**COUNT TWO**

**Violation of the APA:**

**Arbitrary, Capricious, and Unlawful Agency Action (5 U.S.C. § 706(2)(A), (C), (D))**

*(Defendants Burgum, Rollins, Driscoll, Yared, Zeldin, and Jacobs)*

144.    API admits and denies the allegations of this paragraph as stated above.

145.    Denied.

146.    The allegations in this paragraph state Plaintiff's legal conclusion, which requires no response.

**COUNT THREE**

**Violation of NEPA and the APA:**

**Failure to conduct NEPA analysis**

*(Defendants Burgum, Rollins, Driscoll, Yared, Zeldin, and Jacobs)*

147.    API admits and denies the allegations of this paragraph as stated above.

148.    The allegations in this paragraph state Plaintiff's characterizations of executive actions, executive documents, and the law, which require no response as the applicable executive actions and the law speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, executive documents, and the law, API denies them.

149.    The allegations in this paragraph state Plaintiff's characterizations of federal agency actions, which require no response as the applicable agency actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable agency actions, API denies them.

150.    Denied.

151.    Denied.

152.    The allegations in this paragraph state Plaintiff's legal conclusion, which requires no response.

**RELIEF REQUESTED**

API denies that Plaintiff is entitled to any of the relief requested in the First Amended Complaint, including, but not limited to, the relief prayed for in paragraphs A through D of the Relief Requested.

**AMERICAN PETROLEUM INSTITUTE'S AFFIRMATIVE DEFENSES**

API asserts the following affirmative defenses:

1.    Plaintiff has failed to state a claim for which relief may be granted.

2.    Plaintiff lacks standing to bring their claims.

3.    This Court lacks jurisdiction over some or all of Plaintiff's claims.

4.    Venue is not proper in this Court and the Court lacks jurisdiction to review these claims under 16 U.S.C. § 1536(n).

5.    API reserves the right to amend or supplement these affirmative defenses as appropriate.

WHEREFORE, API, having fully answered the allegations contained in Plaintiff's First Amended Complaint, respectfully requests that this Court enter a judgment dismissing the First Amended Complaint with prejudice, and awarding such other and further relief as may be just and warranted.

DATED:  June 1, 2026

STOEL RIVES LLP

/s/ Jason T. Morgan

RYAN P. STEEN, Bar No. 1615260
ryan.steen@stoel.com
JASON T. MORGAN, Bar No. 1615129
jason.morgan@stoel.com
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, WA  98101
Telephone:  206.624.0900
Facsimile:  206.386.7500

*Attorneys for Intervenor-Defendant American Petroleum Institute*