# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NATURAL RESOURCES DEFENSE COUNCIL, INC.,

     Plaintiff,

     v.

DOUG BURGUM, *Secretary of the Interior, in his official capacities as CHAIR and MEMBER of the ENDANGERED SPECIES COMMITTEE*, *et al.*,

     Federal Defendants,

     and

AMERICAN PETROLEUM INSTITUTE,

     Intervenor-Defendant.

Case No. 1:26-cv-1116-RC

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ...................................................................................................................... 1

   I.   Plaintiff's voluntary dismissal of its petition for review with prejudice precludes review of its claims. .................................................................................................................. 1

   II.  Jurisdiction is a threshold issue that must be decided at the outset. ..................................... 3

   III. The only ESA exemptions the Committee grants are exemptions under subsection (h). ....... 5

   IV. Plaintiff's arguments about the exemption procedures go to the merits, not to the threshold question of the Court's jurisdiction. ..........................................................................11

   V.   Review of Plaintiff's claims is available only in the courts of appeals. ............................... 13

CONCLUSION ................................................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**                                                                          **Page(s)**

*AllService Plumbing & Maint., Inc.*,

  138 F.4th 889 (5th Cir. 2025) ................................................................................ 2

*Am. Fed'n of Gov't Emps. TSA Local 1 v. Hawley*,

  481 F. Supp. 2d 72 (D.D.C. 2006) ......................................................................... 8

*Am. Oversight v. U.S. Dep't of Veterans Affs.*,

  498 F. Supp. 3d 145 (D.D.C. 2020) ....................................................................... 5

*Ashcroft v. Iqbal*,

  556 U.S. 662 (2009) ........................................................................................ 4, 13

*Blind of Del. Cnty. Valley, Inc. v. Regan*,

  709 F.2d 1521 (D.C. Cir. 1983) ........................................................................... 16

*Block v. Cmty. Nutrition Inst.*,

  467 U.S. 340 (1984) ............................................................................................. 15

*Bowen v. Massachusetts*,

  487 U.S. 879 (1988) ............................................................................................. 16

*Brown v. G.S.A.*,

  425 U.S. 820 (1976) ............................................................................................. 15

*Burns v. Fincke*,

  197 F.2d 165 (D.C. Cir. 1952) ............................................................................... 2

*Cherokee Nation v. U.S. Dep't of Interior*,

  643 F. Supp. 3d 90 (D.D.C. 2022) ......................................................................... 4

*\*Cisneros v. Alpine Ridge Grp.*,

  508 U.S. 10 (1993) ................................................................................................. 8

*Citizens for Const. Integrity v. Census Bureau*,

  115 F.4th 618 (D.C. Cir. 2024) .............................................................................. 4

*City of Rochester v. Bond,*

  603 F.2d 927 (D.C. Cir. 1979) ............................................................................. 12

*Davis v. Mich. Dept. of Treasury*,
  489 U.S. 803 (1989).........................................................................................................7, 9

*Dillard v. Sec. Pac. Brokers, Inc.*,
  835 F.2d 607 (5th Cir. 1988)................................................................................................2

*Dubin v. United States*,
  599 U.S. 110 (2023)..............................................................................................................6

*EC Term of Years Tr. v. United States*,
  550 U.S. 429 (2007)............................................................................................................15

*\*Fla. Power & Light Co. v. Lorion*,
  470 U.S. 729 (1985)......................................................................................................12, 13

*Garcia v. Vilsack*,
  563 F.3d 519 (D.C. Cir. 2009)...........................................................................................16

*Garland v. Cargill*,
  602 U.S. 406 (2024)............................................................................................................13

*Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*,
  920 F.3d 1 (D.C. Cir. 2019)...............................................................................................13

*Hale v. United States*,
  No. 13-1390 (RDM), 2015 WL 7760161 (D.D.C. Dec. 2, 2015)........................................5

*Harrison v. PPG Indus., Inc.*,
  446 U.S. 578 (1980)............................................................................................................14

*Herbert v. Nat'l Acad. of Scis.*,
  974 F.2d 192 (D.C. Cir. 1992)..............................................................................................4

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994)..............................................................................................................3

*Lexmark International, Inc. v. Static Control Components, Inc.*,
  572 U.S. 118 (2014)..............................................................................................................4

*Liberty Maritime Corp. v. United States*,
  928 F.2d 413 (D.C. Cir. 1991)..............................................................................................8

*Loughlin v. United States*,
  393 F.3d 155 (D.C. Cir. 2004)..............................................................................................3

*Middleton v. U.S. Dep't of Lab.*,
  318 F. Supp. 3d 81 (D.D.C. 2018) ................................................................... 2

*Mullin v. Doe*,
  609 U.S. __, 146 S. Ct. 2121 (2026)............................................................... 15

*Nat'l Ass'n of Mfrs. v. Dep't of Def.*,
  583 U.S. 109 (2018)........................................................................................... 6

*Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*,
  366 F.3d 930 (D.C. Cir. 2004)........................................................................ 16

*NBC-USA Housing, Inc. Twenty-Six v. Donovan*,
  741 F. Supp. 2d 55 (D.D.C. 2010) ................................................................... 5

*Perry Capital LLC v. Mnuchin*,
  864 F.3d 591 (D.C. Cir. 2017)........................................................................ 16

*Seneca Nation of Indians v. U.S. Dep't of Health & Human Servs.*,
  144 F. Supp. 3d 115 (D.D.C. 2015) ................................................................11

*Sheptock v. Fenty*,
  707 F.3d 326 (D.C. Cir. 2013)........................................................................... 2

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998)..................................................................................1, 3, 11

*Sunshine Anthracite Coal Co. v. Adkins*,
  310 U.S. 381 (1940) .......................................................................................... 2

*Telecomms. Rsch. & Action Ctr. v. F.C.C.*,
  750 F.2d 70 (D.C. Cir. 1984)............................................................................ 4

*Tembec Inc. v. United States*,
  570 F. Supp. 2d 137 (D.D.C. 2008) ................................................................. 3

*Trump v. Slaughter*,
  No. 25-332, 2026 WL 1855612 (U.S. June 29, 2026) .................................... 10

**Statutes**

5 U.S.C. § 704................................................................................ 13, 14, 15, 16

5 U.S.C. § 706(2)(C)..........................................................................................11

16 U.S.C. § 1536(a) ................................................................................... passim

16 U.S.C. § 1536(e) ........................................................................................................ 5, 6

16 U.S.C. § 1536(g) ..................................................................................................... passim

16 U.S.C. § 1536(h) ..................................................................................................... passim

16 U.S.C. § 1536(i) ............................................................................................................. 9

16 U.S.C. § 1536(j) ...................................................................................................... passim

16 U.S.C. § 1536(*l*) ...................................................................................................... passim

16 U.S.C. § 1536(m) .......................................................................................................... 6

16 U.S.C. § 1536(n) ...................................................................................................... passim

16 U.S.C. § 1536(*o*) ...................................................................................................... 6, 7

16 U.S.C. § 1536(p) ................................................................................................... 6, 9, 10

Pub. L. No. 100-707 ......................................................................................................... 10

Pub. L. No. 93-288 ........................................................................................................... 10

## Other Authorities

91 Fed. Reg. 16966 ....................................................................................................... 7, 12

## **INTRODUCTION**

The law here is straightforward. The Endangered Species Committee granted an exemption. Plaintiff is challenging the Committee's exemption. And Congress said that challenges to a Committee exemption shall be heard only in the courts of appeals. 16 U.S.C. § 1536(n). Congress spoke clearly when it enacted Section 7(n) of the ESA, and that provision squarely governs this action. Because the courts of appeals have exclusive jurisdiction over challenges to Committee action, this Court must dismiss this case.

Plaintiff sees it differently and sets forth the novel argument that the Court cannot resolve the threshold question as to exclusive jurisdiction where a plaintiff pleads a cause of action under the APA. But the APA imposes no such limitation on the Court's determination of its jurisdiction. To the contrary, the Court's duty to determine whether it has jurisdiction is "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) (internal quotation omitted). The jurisdictional issues raised in Federal Defendants' motion to dismiss [Dkt. No. 28] are threshold issues that must be decided first. Because the ESA is unequivocal that Plaintiff's challenge must be brought, if at all, in the courts of appeals, the Court should dismiss this case.

## **ARGUMENT**

I.    **Plaintiff's voluntary dismissal of its petition for review with prejudice precludes review of its claims.**

Plaintiff's complaint must be dismissed because another court has already issued a final judgment on the merits of its claims. Federal Defendants moved to dismiss Plaintiff's complaint for lack of jurisdiction and also for failure to state a claim because Plaintiff engaged in impermissible claim-splitting by pursuing the same claim in both this Court and in the Fifth Circuit Court of Appeals. *See* Fed Defs'. Mem. [Dkt. No. 28-1] at 22-25. In the Fifth Circuit,

1

Plaintiff initially sought a stay of briefing on its petition for review and requested, in the alternative, voluntary dismissal without prejudice, which the court denied. *See* Pl's. Mem. [Dkt. No. 32] at 10. Plaintiff ultimately voluntarily dismissed its petition in the Fifth Circuit, with prejudice, and in doing so, resolved Federal Defendants' claim-splitting argument. *See* Pl's. Mem at 37; Exhibit 1 (Plaintiff's motion to dismiss with prejudice and Fifth Circuit order of dismissal); *see also Nat'l Lab. Rels. Bd. v. AllService Plumbing & Maint., Inc.*, 138 F.4th 889, 900 (5th Cir. 2025) (noting, on petition to enforce order, that a Federal Rule of Appellate Procedure 42(b) dismissal operates as a dismissal with prejudice).

The Fifth Circuit's dismissal with prejudice precludes this lawsuit under *res judicata*. "Under that doctrine, also known as claim preclusion, a final judgment on the merits . . . precludes relitigation in a subsequent proceeding of all issues arising out of the same cause of action between the same parties or their privies." *Sheptock v. Fenty*, 707 F.3d 326, 330 (D.C. Cir. 2013) (alteration in original) (quotation omitted). "For *res judicata* purposes, a cause of action is determined by the factual nucleus, not the theory on which a plaintiff relies." *Id.* (citation modified). "If there is a common nucleus of facts, then the actions arise out of the same cause of action." *Id.* (quotation omitted).

Each of these elements is met here. **First**, the parties are the same because Plaintiff was the petitioner in the Fifth Circuit, and officers of the United States were respondents, just as in this case. Dkt. No. 28-2 (Plaintiff's Petition for Review); *see Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03 (1940) (holding that all agencies of the United States are in privity for purposes of res judicata); *Middleton v. U.S. Dep't of Lab.*, 318 F. Supp. 3d 81, 87 (D.D.C. 2018) (same). **Second**, the Fifth Circuit's dismissal with prejudice was a final judgment on the merits. *See Burns v. Fincke*, 197 F.2d 165, 166 (D.C. Cir. 1952); *see also Dillard v. Sec. Pac.*

*Brokers, Inc.*, 835 F.2d 607, 608 (5th Cir. 1988) ("a dismissal with prejudice at any stage of a judicial proceeding ordinarily constitutes a final judgment on the merits which bars a later suit on the same cause of action"); *Tembec Inc. v. United States*, 570 F. Supp. 2d 137, 141 (D.D.C. 2008) ("a stipulation of dismissal with prejudice … is a final adjudication on the merits" and "bars" suits "based on the 'same nucleus of facts'"). **Third,** Plaintiff's claims arise out of the same nucleus of facts because in both cases they purport to challenge the same exemption, based on the same national security determination.

In sum, Plaintiff brought the same claims it asserts here against the Committee in its petition for review, and it dismissed the latter action with prejudice, resulting in a final adjudication on the merits. Secretary Hegseth, as an officer of the government is in privity with the Committee members. All of Plaintiff's claims are therefore barred.

Plaintiff does not squarely address the fact that its claims are now barred, but it makes an equitable argument that depriving Plaintiff of its day in court here would be a harsh result. Pl's. Mem. at 38. Yet the fact that Plaintiff will get "no bite at the apple" is due only to Plaintiff's procedural maneuvering. *See id.* Plaintiff could have dismissed this action without prejudice and proceeded in the Fifth Circuit; it chose to dismiss its petition with prejudice instead.

## II.     Jurisdiction is a threshold issue that must be decided at the outset.

Federal courts are courts of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and thus the inquiry into "subject matter jurisdiction is, of necessity, the first issue for an Article III court." *Loughlin v. United States*, 393 F.3d 155, 170 (D.C. Cir. 2004) (quotation omitted); *see also Citizens for a Better Env't*, 523 U.S. at 94-95 (noting that jurisdiction must "be established as a threshold matter"). Plaintiff nonetheless argues that the Court cannot reach the threshold jurisdictional issue in Federal Defendants' motion to

dismiss—whether its claim has been brought in the appropriate forum—because Plaintiff pled its claim as an APA cause of action, and because Plaintiff alleges that the Committee granted the exemption under subsection (j) rather than subsection (h). Pl's. Mem. at 11-13.

Plaintiff's novel argument finds no support in the law. Plaintiff attempts to rely on prudential standing cases, *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 (2014), and *Citizens for Constitutional Integrity v. Census Bureau*, 115 F.4th 618, 627 (D.C. Cir. 2024), *cert. denied*, 145 S. Ct. 2818 (2025). Both cases address the prudential standing "zone of interests" test. *See id.* Federal Defendants have not raised a prudential standing argument as a basis for dismissing Plaintiff's APA claim. Instead, Federal Defendants have raised a threshold question of whether Congress has directed that Plaintiff's APA claim be litigated in the courts of appeals. That is a jurisdictional issue, not a prudential standing issue. *See Telecomms. Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70, 77 (D.C. Cir. 1984) ("[i]t is well settled that even where Congress has not expressly stated that statutory jurisdiction is 'exclusive,' . . . a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute.").

Plaintiff also relies on the doctrine that jurisdictional facts inextricably intertwined with the merits are decided at the merits stage, arguing that the question of whether its claim must go to the courts of appeals is a jurisdictional fact intertwined with the merits and therefore cannot be litigated as a threshold matter. *See Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 198 (D.C. Cir. 1992). But what Plaintiff seeks to treat as a fact—its allegation that the Committee granted the exemption under subsection (j)—is a legal conclusion, which the court need not accept. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cherokee Nation v. U.S. Dep't of Interior*, 643 F. Supp. 3d 90, 104 (D.D.C. 2022).

4

Nor is the "inextricably intertwined" doctrine relevant here. A jurisdictional fact is inextricably intertwined with the merits when, for example, the court must determine on the facts of a case whether a defense of sovereign immunity applies, or there is a fact-bound standing issue. *See Am. Oversight v. U.S. Dep't of Veterans Affs.*, 498 F. Supp. 3d 145, 153 (D.D.C. 2020) (ripeness issue intertwined with merits); *Hale v. United States*, No. 13-1390 (RDM), 2015 WL 7760161, at *5-6 (D.D.C. Dec. 2, 2015) (deferring resolution of factual sovereign immunity issue as intertwined with the merits). Federal Defendants' Rule 12 motion does not require the Court to make factual findings or credibility determinations. Rather, Federal Defendants' motion presents a threshold legal issue that can, and should, be resolved without adjudicating the merits of the case. *See NBC-USA Housing, Inc. Twenty-Six v. Donovan*, 741 F. Supp. 2d 55, 60 (D.D.C. 2010) (threshold personal jurisdiction question not intertwined with merits). The threshold inquiry before the Court does not require the determination of jurisdictional facts, much less facts inextricably intertwined with the merits of the case. Indeed, the Court has all that it needs to resolve Federal Defendants' motion to dismiss, and it must satisfy itself that it has subject-matter jurisdiction to consider Plaintiff's challenge before proceeding any further.

III.    **The only ESA exemptions the Committee grants are exemptions under subsection (h).**

In Section 7, Congress provided that the Committee must "determine in accordance with subsection (h) of this section whether or not to grant an exemption from the requirements of subsection (a)(2) of this section." *See* 16 U.S.C. § 1536(e)(1)-(2), (h)(1). The Committee's express role under the ESA is to grant or deny an exemption under subsection (h). Thus, when subsection (j) directs the Committee to "grant an exemption," the Committee grants the exemption using its authority under subsection (h). *Id.* § 1536(j). That is clearly the best reading of the statute.

5

The text and structure of the provisions in Section 7 addressing the Committee compel the conclusion that when the Committee grants an exemption, it grants an exemption under subsection (h)—a subsection relevantly titled "Grant of exemption." *See, e.g.*, *Dubin v. United States*, 599 U.S. 110, 120-21 (2023) (explaining that a statute's title is relevant evidence of a statute's meaning). Subsection (e) enumerates the powers of the Committee "for the purpose of carrying out its duties under this section," namely, its duty to determine whether to grant an exemption under subsection (h). 16 U.S.C. § 1536(e)(1)(2), (e)(7)(A). When the Committee grants or denies an exemption, it does so by vote with a quorum of its members present, and five votes are required to grant an exemption. *Id.* § 1536(e)(5)(A), (h)(1).

That vote, and subsequent order—the decision to grant or deny the exemption under subsection (h)—is the clear consummation of the Committee's decisionmaking process. Once the Committee has convened, only the decision to grant or deny an exemption constitutes final agency action for purposes of judicial review. *Id.* § 1536(h)(1). The Committee is directed to document its findings in a written decision and, if it grants an exemption, it must also issue an order to that effect. *Id.* § 1536(*l*)(1). Congress has therefore provided a clear statutory endpoint for the exemption process: the Committee must vote, and, if it grants the exemption, it must issue an order documenting its decision. Throughout the text of Section 7, Congress refers expressly to the exemption in "subsection (h)." *See id.* § 1536(a)(2), (e)(2), (h)(1), (*l*)(1), (m), (*o*)(1), (p).

Thus, when subsection (j) mandates that the "Committee shall grant an exemption," it means the Committee grants an exemption under subsection (h), which is what the statute established the Committee to do.[1] Indeed, the statute's operative terms consistently refer to an

---

[1] The meaning of "under" confirms this point: it means "pursuant to" or "by reason of the authority of" the provision referenced. *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 583 U.S. 109, 121-

exemption "granted under subsection (h)." *Id.* § 1536(*l*)(1) ("If the Committee determines under subsection (h) that an exemption should be granted with respect to any agency action, the Committee shall issue an order granting the exemption"); *id.* § 1536(*o*)(1) ("any action for which an exemption is granted under subsection (h) shall not be considered to be a taking"); *id.* § 1536(a)(2) (agencies must "consult" "unless such agency has been granted an exemption for such action by the Committee pursuant to subsection (h)"). Plaintiff's interpretation would read all of this out of the statute and create a disembodied national-security exemption unmoored from the rest of the statutory scheme. *See Davis v. Mich. Dept. of Treasury*, 489 U.S. 803, 809 (1989) ("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.").

Notwithstanding the clear text and structure of the statute providing for a single exemption under subsection (h), Plaintiff asserts that the Committee did not make any decision "under" subsection (h). Pl's. Mem. at 30-31. But the Committee was explicit: "Based on the Secretary of War's National Security Findings, the Committee grants pursuant to section 7(h) an exemption from the requirements of the Endangered Species Act for Gulf of America Oil and Gas Activities." 91 Fed. Reg. 16966, 16966 (Apr. 3, 2026); *id.* ("With this exemption, the federal agencies implementing the Gulf of America Oil and Gas Activities are not required to comply with the section 7(a)(2) procedural consultation and substantive 'jeopardy' and 'adverse modification' mandates when they authorize, fund, or carry out covered agency actions. 16 U.S.C. 1536(h)."). By its own express terms, the Committee's order granting the exemption was a decision made under subsection (h).

---

24 (2018). A grant that subsection (j) compels the Committee to make is still made by reason of the authority in subsection (h).

Nevertheless, Plaintiff argues that the exemption contemplated in subsection (j) is not the same exemption in subsection (h)—in part because the Committee does not have to decide anything to grant a national security exemption. Pl.'s Mem at 26. Under subsection (j), the Committee must grant an exemption based on the Secretary of War's national security finding, "[n]otwithstanding any other provision" of the ESA. 16 U.S.C. § 1536(j). A "notwithstanding" clause is a clear signal of Congressional intent to override conflicting provisions elsewhere in a statute. *See, e.g.*, *Am. Fed'n of Gov't Emps. TSA Local 1 v. Hawley*, 481 F. Supp. 2d 72, 84 (D.D.C. 2006) (collecting cases); *see also Cisneros v. Alpine Ridge Grp.*, 508 U.S. 10, 18 (1993) (same); *Liberty Mar. Corp. v. United States*, 928 F.2d 413, 416 (D.C. Cir. 1991) (regarding "notwithstanding" language, a "clearer statement" of intent to supersede other statutory provisions "is difficult to imagine").

Yet Subsection (h) still requires the Committee to meet and vote in order to grant an exemption, providing "[t]he Committee shall grant an exemption from the requirements of subsection (a)(2) for an agency action . . . by a vote of not less than five of its members voting in person." 16 U.S.C. § 1536(h)(1). Subsection (j) obviates procedures in Section 7 with respect to applications and weighing the evidence, and it unequivocally directs the Committee to grant the exemption, but it does not obviate the need for the Committee to convene with a quorum and memorialize a final determination on the exemption. *See id.* § 1536(j); *Cisneros*, 508 U.S. at 18. Thus, while subsection (j) obviates procedures with respect to applications and weighing the evidence, and it unequivocally directs the Committee to grant the exemption, it too requires the Committee to convene with a quorum and memorialize a final determination on the exemption. The Committee, not the Secretary of War, grants the exemption.

If Plaintiff were right that only subsection (j) applied, there would be no reason for Congress to excuse compliance with other procedures. *See Davis*, 489 U.S. at 809. In any event, subsection (j) directs the Committee—not the Secretary of War—to grant the exemption. And, as discussed *supra*, there is only one exemption under the ESA—that under subsection (h), which is subject to subsection (n)'s judicial review provisions.

Plaintiff's treatment of subsection (p) concedes its point about whether the Committee makes the decision to grant the exemption. Plaintiff posits that subsection (p) provides for an exemption different from the exemption in subsection (h), Pl.'s Mem. at 24, 28, while simultaneously acknowledging that a subsection (p) exemption "still travel[s] the (h) route," *id*. at 25. Under subsection (p), the Committee "shall accept" the President's determinations and retains no independent judgment of its own. 16 U.S.C. § 1536(p). Plaintiff thus concedes that a fully directed outcome can be an exemption decision under subsection (h). What separates subsection (p) from subsection (j) is who supplies the substitute determination—the President or the Secretary of War—and subsection (n) is indifferent to that distinction. It channels "any decision of the . . . Committee' under subsection (h)" to the courts of appeals, without regard to whose finding compelled the result. 16 U.S.C. § 1536(n). Like Plaintiff's argument that subsection (j) supplies the source of the exemption, this argument likewise fails.[2]

That subsection (p) expressly cross-references subsections (g) and (h) while subsection (j) does not reflects a difference in function, not the existence of two different Committee

---

[2] Moreover, subsection (p) expressly refers to subsection (h), further reinforcing what is apparent from statutory construction: that the ESA only contemplates a single exemption—the exemption in subsection (h). Plaintiff's argument with respect to subsection (i) is similarly unavailing. The Secretary of State's determination in subsection (i) prevents the Committee from considering an application for exemption. 16 U.S.C. § 1536(i). Therefore, there is no Committee decision—and no grant or denial of an exemption under subsection (h).

exemption tracks. Subsection (p) must identify which determinations the President makes, because the President is substituting his own findings for the specific determinations that subsections (g) and (h) assign to the Secretaries and the Committee. Subsection (j) requires no such cross-reference because the Secretary of War does not replicate the subsection (h)(1)(A) factors; his national security finding replaces them wholesale. That Congress addressed the two situations in separate subsections reflects its recognition that they arise in materially different circumstances and call for different procedures. The national security exemption allows the Secretary of War and the Committee to move quickly to address matters of national security, dispensing with inapplicable procedural provisions, including the provisions in subsections (g) and (h) related to applications for exemptions and weighing the content of those applications. *See id.* § 1536(g), (h)(1)(A). Meanwhile, the role of the President in subsection (p) is consistent with his role as Commander-in-Chief and in managing federal disaster areas. *See* Disaster Relief Act of 1974, Pub. L. No. 93-288 § 301, 88 Stat. 143, 146 (1974) (the President has the authority to declare disaster areas), *amended*, Robert T. Stafford Disaster Relief and Emergency Assistance Act, Pub. L. No. 100-707, §§ 105, 106,102 Stat. 4689, 4691, 4696 (1988) (same).[3]

Unlike Plaintiff's position, there is no corresponding inconsistency in Federal Defendants' reading of the statute, which separates two distinct questions. The first question addresses which of Section 7's procedures govern when the Secretary of War makes a national security finding. The answer here is that subsection (j)'s "notwithstanding" clause displaces the

---

[3] Despite this clear overlap, Plaintiff questions why Congress would give "greater power" to the Secretary of War in making a national security determination than to the President. Pl's. Mem. at 28-29. To be clear, both the President and the Secretary of War have the authority in subsections (p) and (j) to compel the Committee to grant an exemption. Whether the President or his subordinate is exercising that authority is hardly relevant. *See Trump v. Slaughter*, No. 25-332, 2026 WL 1855612, at *8 (U.S. June 29, 2026) (framers selected a constitutional framework with a "unitary and accountable" executive).

applicant-dependent procedures. For example, by its terms, subsection (*l*)(1)'s mitigation

directive turns on measures "carried out and paid for by the exemption applicant." 16 U.S.C. §

1536(*l*)(1). When there is no applicant, those directives are textually inoperative. The second

question is under which provision the Committee grants an exemption. The answer is subsection

(h), because it is the only granting provision Section 7 contains and because only a grant under

subsection (h) has legal effect. Plaintiff's arguments that Federal Defendants claim subsection

(h)'s venue provisions while disclaiming its burdens improperly collapses these two questions

into one.

In short, the procedural provisions of subsection (h) do not in fact apply to a national

security exemption. But that is because of the "[n]otwithstanding any other provision" clause in

subsection (j), which overrides "any other provision," including procedural provisions elsewhere

in the statute. *Id.* § 1536(j). But when the Committee does "grant an exemption," it always does

so "under subsection (h)." *Id.* § 1536(*l*)(1).

## IV.    Plaintiff's arguments about the exemption procedures go to the merits, not to the threshold question of the Court's jurisdiction.

The question of jurisdiction in this case, as in any case, comes first. After all, a federal

court may not rule on the merits of a case without first determining that it has subject-matter

jurisdiction. *Citizens for Better Env't*, 523 U.S. at 93-94; *Seneca Nation of Indians v. U.S. Dep't

of Health & Hum. Servs.*, 144 F. Supp. 3d 115, 118 (D.D.C. 2015). Plaintiff nonetheless invites

the Court to adjudicate its claims about the procedures the Committee followed in order to

determine that the Committee granted an exemption other than the exemption in subsection (h).

*See* Pl's. Mem. at 14-19.

Plaintiff repeatedly asserts that the Committee exceeded its statutory authority. *See e.g.*,

*id.* at 14. That goes to the merits of its APA claim. *See* 5 U.S.C. § 706(2)(C) (review of claims

that agency acted in excess of statutory authority). The Court should not consider those arguments now, on the threshold question whether this Court is the proper forum to adjudicate Plaintiff's claims. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 734-35 & n.8 (1985) (declining to conflate the merits inquiry with the "the question whether initial subject-matter jurisdiction is properly located in the court of appeals or the district court"). The Court must of course decide whether the Committee's order is a decision "under subsection (h)" and thus falls under subsection (n) for purposes of judicial review. That is the jurisdictional question, and it is answered by identifying what the challenged action is: an Endangered Species Committee decision. What the Court need not decide—and consistent with subsection (n) *should not* decide—is whether the Committee was required to follow the procedures subsection (g) and (h) prescribe. Plaintiff conflates the two questions, arguing that the Committee's order falls outside subsection (h) because the Committee did not comply with subsection (h)'s procedures. *See* Pl's. Mem. at 21-22, 30. But that reasoning is circular, and it would render subsection (n) self-destructing. Any petitioner could evade appellate review simply by alleging that an agency skipped a procedural step. The D.C. Circuit has long rejected this tack. See *City of Rochester v. Bond,* 603 F.2d 927, 935-37 (D.C. Cir. 1979) (declining to distinguish claims for channeling purposes based on the specific "infirmity alleged"). As a result, the Court should not reach Plaintiff's procedural arguments now.

Plaintiff also focuses on the directive in subsection (h)(1) for the Committee to establish reasonable mitigation and enhancement measures to mitigate impacts to listed species. Pl's. Mem. at 16-17. Subsection (*l*)(1) also provides that the exemption applicant shall carry out and pay for the measures. 16 U.S.C. § 1536(*l*)(1). But the Committee addressed mitigation and enhancement measures in its order. 91 Fed. Reg. at 16966-67. Plaintiff may well disagree with

12

how the Committee's order handled mitigation measures. But, again, that argument goes to the merits, not the Court's jurisdiction. *See Fla. Power & Light Co*, 470 U.S. at 734-35 & n.8.

Plaintiff also disagrees with the Committee's statements that it made its decision under subsection (h). Pl.'s Mem. at 40-41. The Committee's express statement that it was granting the exemption "pursuant to Section 7(h)" is a substantive invocation of Section 7(h) as the source of the Committee's power to grant an exemption, not a mere caption or label. *Cf. Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 920 F.3d 1, 18 (D.C. Cir. 2019) (per curiam) (actual language used by agency, and agency's decision to "explicitly invoke[]" its legislating authority, is relevant to question of whether agency's rules were legislative or interpretive), *abrogated on other grounds by Garland v. Cargill*, 602 U.S. 406 (2024). Plaintiff's contrasting characterization of the order is a legal conclusion to which the Court owes no deference. *Iqbal*, 556 U.S. at 678.

Ultimately, Section 7(n) governs judicial review of this matter and it incorporates by reference the judicial review provisions in the APA. 16 U.S.C. § 1536(n). The APA, in turn, provides, "[a] preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." 5 U.S.C. § 704. Plaintiff cannot raise its claims about procedure here, couched as jurisdictional arguments conflated with the merits. *See Fla. Power & Light Co*, 470 U.S. at 734-35 & n.8. Plaintiff could have raised its procedural claims in a timely petition for review in the courts of appeals—the only courts with jurisdiction to hear those claims. Instead, it chose to dismiss its petition for review with prejudice. *See* Exhibit 1 (motion and order of dismissal); *see also* Section V *infra*.

## V.    Review of Plaintiff's claims is available only in the courts of appeals.

Section 7(n) provides that "[a]ny person . . . may obtain judicial review . . . of any decision of the [Committee] under subsection (h)" by filing a petition in the appropriate court of

13

appeals within 90 days of the decision. 16 U.S.C. § 1536(n). Section 7(n) further provides, "the Committee shall file in the court the record in the proceeding, as provided in section 2112 of title 28." *Id.* Plaintiff argues that judicial review in the courts of appeals is inappropriate because the Committee did not adjudicate an application for exemption under Section 7(g), and because the Committee's record was "scant." Pl's. Mem. at 19-23. Again, this improperly conflates a merits argument (whether the application procedure was required) with a jurisdictional one. Even if the record in the Fifth Circuit were inadequate (and it is not), that provides no basis for circumventing a direct-review provision. In *Florida Power & Light*, the Supreme Court held that a direct-review provision applied to informal agency action taken without any hearing or formal adjudicatory record and observed that "[t]he factfinding capacity of the district court is . . . typically unnecessary to judicial review of agency decisionmaking," 470 U.S. at 744. APA review in any court is based on an administrative record. *See id.* at 743; *see also Harrison v. PPG Indus., Inc.*, 446 U.S. 578, 593 (1980) (informal agency action on "scant" record did not frustrate direct review in the court of appeals).

Further, the presumption of review, *see* Pls.' Mem. at 24, 33, has no bearing on the threshold jurisdictional question before the Court. The issue before the Court is not whether judicial review of the Committee's decision is available. Unquestionably, Congress provides for review of the final determination of the Committee in the courts of appeals, *see* 16 U.S.C. § 1536(n). The question instead is *where* that review must take place. Plaintiff also misstates the presumption of review under the APA. It runs to review of "final agency action," not to every predicate or intermediate determination along the way. 5 U.S.C. § 704. The final agency action here is the Committee's exemption decision, not the Secretary of War's predicate determination.

14

At bottom, Plaintiff's presumption of review argument cannot overcome the Supreme Court's admonition that "a precisely drawn, detailed statute preempts more general remedies" such as the APA. *See EC Term of Years Tr. v. United States*, 550 U.S. 429, 433–34 (2007) (citing *Brown v. G.S.A.*, 425 U.S. 820, 834 (1976); *see also Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 345 (1984) (noting the APA "withdraws [the] cause of action [under the APA] to the extent the relevant statute 'precludes judicial review'" (citing 5 U.S.C. § 701(a)(1))). Plaintiff's attempt to create its own APA remedy here, *see* Pl's. Mem at 32-34, where Congress has provided a detailed statute channeling claims like the ones Plaintiff raises here to the courts of appeals, should go no further. *See* 16 U.S.C. § 1536(n).

Plaintiff's argument that this Court is better suited to review the national security determination also misses the mark. Pl's. Mem. at 22-23. Any argument about the national security determination must be made to the court that reviews the final agency action designated in the statute.[4] *See* 5 U.S.C. § 704; *Mullin v. Doe*, 609 U.S. __, 146 S. Ct. 2121, 2136 (2026) ("In APA cases, an agency's subsidiary decisions merge into the final agency action, which is then subject to review.").

Moreover, even if the Secretary of War's determination constituted its own final agency action, Plaintiff would still lack an APA cause of action to challenge it. Section 704 authorizes review only of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. The ESA supplies that "other adequate remedy." Any person may obtain judicial review of the Endangered Species Committee's exemption decision in the courts of appeals, and that review proceeds "under chapter 7 of Title 5"—the same APA standards Plaintiff invokes

---

[4] Those arguments would fail because the national security finding is not subject to review as final agency action, but the Fifth Circuit is the appropriate court to make that determination in the context of any petition for review.

here. 16 U.S.C. § 1536(n). Because the Secretary's determination operates only through, and is embodied in, the Committee's decision, Plaintiff may press its objections in the ESA's statutory review proceeding. Section 704 therefore forecloses the collateral attack Plaintiff attempts in this Court. *See Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) ("Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."); *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 945-48 (D.C. Cir. 2004) (holding, in the alternative, that Section 704 barred an APA suit against the agency where a separate statute afforded plaintiffs an adequate remedy), *abrogated on other grounds as recognized in Perry Capital LLC v. Mnuchin*, 864 F.3d 591, 621 (D.C. Cir. 2017) (addressing sovereign immunity). That the statutory route may be less convenient than the one Plaintiff prefers is beside the point: the alternative remedy need not be identical to APA relief, only of the "same genre." *Garcia v. Vilsack*, 563 F.3d 519, 522 (D.C. Cir. 2009); *see also Council of & for the Blind of Del. Cnty. Valley, Inc. v. Regan*, 709 F.2d 1521, 1532 (D.C. Cir. 1983) (en banc) (alternative remedy adequate even though less effective than APA review).

## CONCLUSION

The Court has separate and independent reasons to dismiss Plaintiff's amended complaint: (1) another court has already issued a final adjudication on the merits when it dismissed identical claims, with prejudice; and (2) it lacks subject-matter jurisdiction based on the exclusive review provision in Section 7(n).

Dated: August 4, 2026                    Respectfully submitted,

ADAM R.F. GUSTAFSON,
Principal Deputy Assistant Attorney General
BRADLEY CRAIGMYLE,
ROBERT N. STANDER,
Deputy Assistant Attorneys General
MEREDITH L. FLAX, Deputy Section Chief

16

MICHAEL R. EITEL, Assistant Section Chief

 /s/ Sara M. Warren
SARA M. WARREN, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 598-5785
Fax: (202) 305-0275
Email: sara.warren@usdoj.gov

DAVIS A. BACKER, Senior Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, North Terrace, Suite 600
Denver, Colorado 80202
Tel: (202) 305-5469
Fax: (202) 305-0275
Email: davis.backer@usdoj.gov

**Attorneys for Federal Defendants**

17